UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

WELSH FARMS, LLC                                                                                    PLAINTIFF

V.                                                                    CIVIL ACTION NO. 3:12CV410 DPJ-FKB

THE UNITED STATES DEPARTMENT
OF AGRICULTURE, BOZEMAN JOINT VENTURE,
MICHAEL E. EARWOOD, AND JOHN DOES 1-5                                          DEFENDANTS

ORDER

This agricultural dispute is before the Court on two motions to dismiss filed by Defendant Bozeman Joint Venture. The first claims failure to join a necessary party under Rule 19 of the Federal Rules of Civil Procedure. The second relies on Mississippi's three-year statute of limitations. Also before the Court is Plaintiff Welsh Farms, LLC's motion to dismiss the United States's counterclaims. Responses—and some replies—have been filed, though the briefing on all issues is at best sparse. The Court, having considered what the parties submitted, finds that the first motion to dismiss [9] should be denied and that the second [27] should be granted in part. Plaintiff's motion to dismiss [22] is terminated.

I.      Facts and Procedural History

This case involves monies Defendant Bozeman Joint Venture received in exchange for planting hardwood trees on 122.6 acres of property—trees which were in fact never planted. The payments were made as part of the Conservation Reserve Program (CRP) by the Madison County Farm Service Agency (a local office of the United States Department of Agriculture). In very general terms, the CRP provides cost-sharing and rental payments to landowners who discontinue planting crops and take steps to conserve and improve the land's soil, water, and wildlife resources. *See* 16 U.S.C. § 3831.

According to the Complaint, Bozeman Joint Venture, which owned the subject property until 1998, was obligated under a CRP contract with the USDA to plant hardwood trees, but never did. Nevertheless, Bozeman accepted cost-sharing and rental payments from the USDA. From 1998 to 2001, nonparty Bogue Chitto Timber Company owned the property, and in 2001, Welsh Farms purchased it and continued participation in the CRP, thereby receiving rental payments. When Welsh Farms attempted to sell the property in 2009, it discovered that the promised trees had not been planted—a fact the USDA was investigating.

On May 4, 2009, the USDA requested a refund from Welsh Farms of cost-sharing and rental payments on the property dating back to 1998, including payments made to prior owners. Welsh Farms appealed and, through all levels of review, the decision was upheld. So, Welsh Farms filed this action against Bozeman Joint Venture, the USDA, and Michael E. Earwood, who issued a title opinion on the property. Welsh Farms seeks two forms of relief: 1) monetary damages against Bozeman Joint Venture and Michael Earwood; and 2) judicial review of the USDA's administrative decision. Compl. [1] at 1. Plaintiff's position is that the USDA's decision is erroneous and it does not owe repayment, but if Plaintiff does, it should be reimbursed by Bozeman Joint Venture for payments Plaintiff may be forced to make on that Defendant's behalf.

II.     Bozeman Joint Venture's First Motion to Dismiss

In its first motion to dismiss, Bozeman Joint Venture contends that necessary parties were excluded from Plaintiff's Complaint. Defendant therefore invokes Rule 19, seeking an order

adding additional parties or alternatively dismissing the Complaint.[1]  More specifically, Defendant notes that under the controlling regulations, all subsequent owners of the property were subject to the CRP contract and therefore "assume[d] all obligations of the CRP contract of the previous participant." *See* 7 C.F.R. § 1410.51.

In this case, Bozeman Joint Venture was the original owner and admittedly failed to plant the trees as promised.  But others owned the property after Bozeman Joint Venture, including Bogue Chitto Timber Company, LLC, C. Victor Welsh III, and Plaintiff Welsh Farms.  Defendant therefore argues that Welsh Farms should have sued all other owners, including itself.  Otherwise, the argument continues, the Court could not accord complete relief and Bozeman Joint Venture would be potentially exposed to multiple claims.

Welsh Farms responded, arguing that "[t]he damages which Welsh Farms seeks against Bozeman are specific to the amount of cost share payments Bozeman received for tree planting

---

[1] Rule 19(a) provides in relevant part as follows:

> (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
>> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>>
>> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>>
>>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>>
>>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

that the Deputy Director found did not take place on the subject property.  Welsh Farms does not ask [sic] damages against Bozeman for payments received by third parties."  Pl.'s Reply [13] at 2.  Bozeman Joint Venture seems to accept that so limited there would be no Rule 19 issue—it has offered no argument or authorities disputing that point in its two-page reply.  Instead, Defendant simply disputes Welsh Farms's description of the relief it seeks in its Complaint, arguing that Plaintiff is actually seeking compensation for all past payments to all previous owners through the unjust-enrichment claim and in the other causes of action.  Def.'s Reply [14] at 2 (quoting Pl.'s Compl. [1] ¶ 30).

The Complaint does not support Bozeman Joint Venture's expansive interpretation.  The disputed unjust-enrichment count states that "Bozeman should be required to refund all payments received *by it* to Madison FSA and/or reimburse Welsh Farms for payments refunded *on Bozeman's behalf*."  Def.'s Reply [14] at 2 (quoting Pl.'s Compl. [1] ¶ 30) (emphasis added).  This language clearly limits the relief sought to the payments Bozeman Joint Venture received.  To the extent it can be read otherwise, Welsh Farms has now unequivocally waived any such claim.  As for the remaining causes of action, they will be dismissed as discussed below.  Absent any other argument or authority from Defendant, it has not shown that Rule 19 requires joinder or dismissal.

III.     Bozeman Joint Venture's Second Motion to Dismiss

In its Complaint, Plaintiff asserts state-law claims of unjust enrichment, breach of contract/warranty, detrimental reliance, and negligent misrepresentation against Bozeman Joint Venture.  Compl. [1] at 9–10.  Defendant submits that all of these claims are subject to the general three-year statute of limitations found in Mississippi Code section 15-1-49 and are time-

barred. Section 15-1-49, the "catch all" statute of limitations, provides that a cause of action for a latent injury should be commenced within three years of the date the plaintiff "has discovered, or by reasonable diligence should have discovered, the injury." Defendant avers that because Welsh Farms was aware of the lack of trees by May 4, 2009, when the Madison FSA demanded a refund, its claims—filed June 14, 2012— are untimely.

There is no dispute that the statute of limitations for these claims is three years and that Welsh Farms had notice of the alleged breach no later than May 4, 2009. "A cause of action accrues when it comes into existence as an enforceable claim, that is, when the right to sue becomes vested . . . ." *Rankin v. Mark*, 120 So. 2d 435, 437 (Miss. 1960) (internal quotations omitted). But Welsh Farms responds in a four-page memorandum by arguing that "the Mississippi Supreme Court and Fifth Circuit have ruled . . . the statute of limitations will not begin to run until the administrative proceed [sic] is final." Pl.'s Mem. [29] at 1.

Welsh Farms supports this argument with a single, distinguishable case, *Bullock v. AIU Insurance Co.*, 995 So. 2d 717 (Miss. 2008). Most notably, *Bullock* dealt with a bad-faith refusal to pay benefits claim against an employer and its workers' compensation insurance carrier. The Mississippi Supreme Court found that the limitation period did not commence until a final decision was reached by the Mississippi Worker's Compensation Commission on the plaintiff's underlying claim for benefits. *Id.* Importantly, the parties agreed that under Mississippi law "a suit such as Bullock's, for bad-faith failure or refusal to pay workers' compensation benefits, *may not be filed* until the administrative remedies provided by the Mississippi Workers' Compensation Act . . . are exhausted." *Id.* at 718 (emphasis added).

Welsh Farms has cited no such barriers to filing suit in the present context. More specifically, Welsh Farms cited no authority suggesting that ripe state-law claims against a tortfeasor cannot be filed until the plaintiff exhausts administrative proceedings with a federal agency that imposed penalties as a result of the alleged tortfeasor's conduct. The Court therefore declines to expand the limited holding in *Bullock*.

Though *Bullock* does not extend far enough to salvage Welsh Farms's Complaint, Plaintiff makes a seemingly related point, arguing that "[i]f Welsh Farm's [sic] would have been successful in it's [sic] administrative proceeding, it would have no claim against Bozeman." Pl.'s Resp. [29] at 2. Welsh Farms offers no additional explanation or authority for this statement, and Bozeman Joint Venture ignored it in its one-and-a-half page reply.

Despite the lack of attention from either party, Welsh Farms may have a point—at least with respect to its claim for "unjust enrichment" which essentially seeks indemnification from Bozeman Joint Venture should Welsh Farms have to reimburse the Government for payments Defendant received. *See* Pl.'s Compl. [1] ¶ 30. Mississippi appears to follow the general rule that "there must be legal liability before a claim of indemnity arises." *Hopton Bldg. Maint., Inc. v. United Parcel Serv., Inc.*, 559 So. 2d 1012, 1013–14 (Miss. 1990). This suggests that the indemnity claim is not time-barred and may not even be ripe. That said, the Court has not researched these issues in any depth because neither party adequately addressed them. It would be improvident to proceed without their guidance. Accordingly, the motion to dismiss the unjust-enrichment claim is denied without prejudice.

The same does not appear true for the rest of the claims against Bozeman Joint Venture, all of which vested more than three years before suit was filed. *Rankin*, 120 So. 2d at 437. Even

if the USDA decision is reversed, Welsh Farms still asserts damages as a result of alleged misrepresentations.  *See* Compl. [1] at 9–10 ("Welsh Farms is in the position of a direct beneficiary and/or third-party beneficiary to any contractual obligation by Bozeman to plant the disputed 122.6 acres" *i.e.*, it never received the trees); *id.* at 10 ("Welsh Farms relied on those representations, to its detriment, when it purchased the subject property with the disputed 122.6 acres unplanted.").  These claims accrued when Welsh Farms attempted to sell the property in 2009, and Welsh Farms has offered no argument or authority suggesting that they are not time-barred.  Accordingly, the only remaining claim against Bozeman Joint Venture is the claim for unjust enrichment.

III.   Counterclaims of the United States

As stated, the Complaint also names the USDA as a defendant.  On October 19, 2012, the USDA filed its answer and counterclaims [16], naming "Welsh Farms, LLC, C. Victor Welsh III and Does 1, 2, 3, and 4 family members and all members of Welsh Farms, LLC, which is the alter ego of C. Victor Welsh III."  Answer [16] at 12–13.  Welsh Farms answered the counterclaims on its own behalf [23] and filed a short motion to dismiss [22] the counterclaims as to C. Victor Welsh III and Does 1–4, arguing they are not "opposing parties" pursuant to Rule of 13(a).

In Response, the USDA first observes that the case is in an odd procedural posture. Welsh Farms filed its motion to dismiss Victor Welsh and the John Does before they were served with process.  In fact, they were never served despite the running of the 120 days to accomplish that task.  It is not apparent that those claims are being pursued, but if they are, it would seem that Victor Welsh would wait until he is joined to move to dismiss.  As a related point, the

USDA observes that Welsh Farms lacks standing to move for dismissal of the claims against any other counter-defendants unless it is an alter ego as the USDA contends. In any event, the USDA noted the minimal content of the motion and asked for an opportunity to supplement its Response, if additional arguments were raised in Reply. Welsh Farms did not file a Reply.

As with the other motions, the briefing before the Court is at best sketchy, and the issues are not straight-forward. It appears the motion may have been premature, and it is not apparent that Welsh Farms has standing to move for dismissal, but Plaintiff chose not to file a reply and address either argument. Accordingly, the Court finds that the motion [22] should be terminated without prejudice to the right to re-file. The parties are directed to discuss the issue with Magistrate Judge F. Keith Ball at the telephonic conference, discussed below.

III. Conclusion

Based on the foregoing, the Court finds Defendant Bozeman Joint Venture's motion to dismiss [9] is denied, its second motion to dismiss [27] is granted in part but denied as to the claim for unjust enrichment. Plaintiff's motion to dismiss the counterclaims [22] is terminated.

With this Order, the stay of the case is lifted. The parties are directed to contact Magistrate Judge F. Keith Ball within 10 days of this order to request for a telephonic conference to take up the issue of the counterclaims and discuss entry of a new scheduling order, if necessary.

**SO ORDERED AND ADJUDGED** this the 15th day of April, 2014.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE